OPINION
{¶ 1} Defendant-appellant Matthew Marmie appeals his August 9, 2004 conviction on one count of unauthorized use of property in the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On December 30, 2003, appellant was employed with Holiday Inn Express in Heath, Ohio. On the same date, a theft occurred in the hotel manager's office. The manager's assistant testified at trial there was "petty cash" and an unknown amount of change from vending machines in the office, and both were missing when she returned to work the next day. Testimony at trial established only the manager, her assistant and another hotel employee had the combination to the safe. At the time of the incident, the office was locked and only accessible with a key card, which key also accessed the safe. The manager of the hotel had the key card in her possession. However, the manager testified she gave appellant her access code in order to make a card with the key maker, but did not give him blanket authorization to do so.
 {¶ 3} The Licking County Grand Jury indicted appellant on one count of theft, one count of safecracking and one count of unauthorized use of property. Appellant plead not guilty to all charges.
 {¶ 4} At trial, the State introduced a copy of a computer generated activity log indicating when the key card was used to access the manager's office, and a copy of another computer generated activity log indicating when the key was made using the manager's access code. The State then introduced a videotape showing appellant standing at the key machine at the same time the key card used to access the manager's office was made.
 {¶ 5} On August 9, 2004, a jury convicted appellant on one count of unauthorized use of property, and acquitted him on both the theft and safecracking charges.
 {¶ 6} Appellant now appeals his August 9, 2004 conviction, assigning as error:
 {¶ 7} "I. The trial court committed harmful error in admitting, over the objection of the defense, state's exhibit one.
 {¶ 8} "II. Te trial court committed harmful error in admitting, over the objection of the defense, state's exhibit two.
 {¶ 9} "III. The record of the proceedings below is insufficient to support a conviction of the defendant-appellant."
 I, II {¶ 10} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 11} Appellant argues the trial court erred in admitting at trial the videotape and the computer generated activity log referencing the creation of key cards.
 {¶ 12} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Appellant was charged with unauthorized use of property, in violation of R.C. 2913.04. Appellant argues the videotape was irrelevant to the prosecution and so prejudicial as to warrant its exclusion at trial. We disagree.
 {¶ 14} While the evidence may be highly prejudicial, it demonstrates appellant's means and opportunity to commit the offenses charged. Appellant's manager testified he did not have blanket authority to use the machine in the manner depicted on tape, nor to make a key card to access her office or the safe. Accordingly, the trial court did not abuse its discretion in admitting the videotape finding it relative, probative and reliable.
 {¶ 15} Appellant further maintains the computer generated activity log relating to the creation of key cards was inadmissible hearsay, and so prejudicial as to warrant its exclusion at trial. The State introduced the log to demonstrate the dates and times key cards were created. Appellant objected to the introduction of the evidence, arguing absent an "expert" from the company who made the equipment, the log should not be admitted.
 {¶ 16} Upon review, appellant waived his objection to the introduction of the computer log as hearsay, because his objection to the log was based upon another ground. However, assuming arguendo appellant had not waived his objection, we would not find the trial court abused its discretion in admitting the evidence.
 {¶ 17} Pursuant to Evid. R. 802, the State did not introduce the log for the truth of the matter asserted, but rather to demonstrate the date and time the key card used to access the office and safe was created. The log was not offered to establish appellant committed the offense charged, but rather to show appellant had the means and opportunity to do so.
 {¶ 18} Furthermore, pursuant to Evid. R. 803(6), the log was properly admitted as a business record regularly kept in the ordinary course of business. The hotel manager testified at trial the computer generated activity logs are ordinarily kept in the system for a year, and record every pass code, key card number, date and time of access to the system. She testified as to how the records are created, maintained, and kept in the normal course of the hotel's business. Therefore, the trial court did not abuse its discretion in admitting the evidence.
 {¶ 19} Appellant's first and second assignments of error are overruled.
 III {¶ 20} In his third assignment of error, appellant argues there was insufficient evidence presented at trial to support his conviction.
 {¶ 21} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held as follows: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 22} The jury convicted appellant on one count of unauthorized use of property in violation of R.C. 2913.04, which provides in pertinent part:
 {¶ 23} "2913.04 Unauthorized use of property;
 {¶ 24} "(A) No person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent."
 {¶ 25} The evidence at trial established a theft from the hotel manager's office, and a certain key card was used to access the office. A review of the computer generated activity log indicated when the key card was made. A videotape showed the appellant standing at the machine at the time the card was made. The hotel manager testified she gave appellant her access code for the key card system, but did not give him authority to use the equipment to make the key card in question on the date in question.
 {¶ 26} Upon review of the above, there was sufficient evidence for the jury to determine the essential elements of the offense charged were proven beyond a reasonable doubt, and appellant's third assignment of error is overruled.
 {¶ 27} Appellant's August 9, 2004 conviction on one count of unauthorized use of property is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's August 9, 2004 conviction on one count of unauthorized use of property is affirmed. Costs assessed to appellant.